PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL CABÁN, Defendant and Appellant. SAME, Plaintiff and Appellee, *v.* SAME, Defendant and Appellant.

Nos. 4671 and 4672. Argued March 9, 1932.—Decided June 6, 1933.

*Angel A. Vázquez* for appellant.  *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Rafael Cabán was charged with the offense of assault with intent to kill in that on April 20, 1930, he unlawfully, wilfully, and maliciously, with premeditation and a deliberate design to kill Rosario Rodríguez, a human being, assaulted him with a revolver inflicting upon him a serious bullet wound with intent to commit murder. On the same facts he was charged with the offense of carrying a revolver, which is a prohibited weapon. Both informations were filed on June 16 of said year, and on the day of the arraignment, June 24, the defendant pleaded not guilty and asked to be tried by a jury in the case of assault with intent to kill. The trials of both causes were set for October 29, 1930. Upon the case of assault with intent to kill being called for trial, the parties announced that they were ready, and before the jury was selected, the defendant moved for a dismissal of the prosecution on the ground that more than 120 days had elapsed from the day of the filing of the information to the day set for the trial, without good cause for the delay. A similar motion was made in the case of carrying a prohibited weapon, and for the purposes of said motions and of the evidence both prosecutions were consolidated, so that the evidence introduced in the case of assault with intent to kill might serve for the case of carrying a prohibited weapon. The prosecuting attorney objected to the motions for dismissal and stated under oath, as excuses for the delay in holding the trial, that from the day of the filing of the in-

formations until July 4 or 5 the court was constantly engaged in the trial of a case against one Gatell; that the vacations of the court occur in July and August; that at the opening of the term on September 1st, hearings on about two hundred appeals in criminal cases were begun, which lasted until October 6; that the jury trials commenced on October 8, preference being given to cases of incarcerated defendants and to those filed prior to that of the defendant Cabán. The defense asked the prosecuting attorney no questions whatsoever and offered no evidence. The court denied said motions and stated that section 448 of the Code of Criminal Procedure was adopted in 1904, or more than twenty years ago, when judicial proceedings were not so numerous; that from the day of the arraignment, June 24, until the first days of July the court was trying a case; that the court was in vacation during July and August; that about 250 appeals in criminal cases were heard in September, and the term of jury trials began in October, with fifty cases set for trial. During the trial and after the prosecuting attorney had closed his evidence, the defendant reproduced his motion to dismiss and requested that the testimony of the clerk of the court be taken, which was denied by the court. After the trials ended with judgments of conviction, the defendant took the present appeals, wherein he has filed only one brief covering both appeals, which accordingly we shall decide jointly.

The first two assignments of error are common to both appeals, the next three refer exclusively to the case of assault with intent to kill, and the last one is of a general character and a consequence of the preceding ones. The first assignment is based on the prosecuting attorney's alleged failure to show good cause for the trial not having been held within 120 days; and the second, on the claim that the reproduction of the motion to dismiss during the trial and the request for the testimony of the clerk of the court were timely made.

In *People* v. *Rodríguez,* 39 P.R.R. 306, following the decisions in *People* v. *París,* 25 P.R.R. 103, and the cases that follow it, we have held, for the reasons stated therein, that a motion to dismiss under section 448 of the Code of Criminal Procedure, for lack of a speedy trial, comes too late when first presented on the day of the trial, after the parties have announced that they are ready for trial, or even if the defendant does not announce himself ready for trial. The foregoing would be sufficient to declare that the court did not err in overruling the defendant's motions for dismissal; however, since such was not the basis for the order of the court, but that there was good cause for not having held the trials within the 120 days, and since the appellant maintains that good cause for the delay did not exist, we shall discuss that aspect of the question.

In support of his first assignment of error the appellant advances two arguments: That the fact that the lower court had been busy with other proceedings is not good cause for not having held his trial within the 120 days following the filing of the information; that as the lower court is composed of three judges and two prosecutors, the testimony of the prosecuting attorney must refer to one of the sections of said court and affords no explanation for the failure of the other judges to hold the trials in these cases.

In *People* v. *Nigaglioni,* 28 P.R.R. 217, and in *People* v. *Romero et al.,* 39 P.R.R. 504, this Court has declared that the fact that the lower court had been occupied in disposing of criminal and civil cases is good cause for not having held the trial within 120 days after the filing of the information and for not ordering a dismissal of the prosecution. This question has been similarly decided in *Gerardino* v. *People of Porto Rico,* 29 F. (2d) 517, where it was held that the circumstance that the trial court was busily engaged in trying other cases constituted good cause for not bringing a prosecution to trial within the 120 days and for not ordering it to be dismissed.

214

With respect to the failure on the part of the prosecuting attorney to show what the other judges of the court were doing, it suffices for us to say that, as it does not appear that the cases herein had been brought before either of the other two judges, it was not necessary for the prosecuting attorney to make such showing, for the three sections of the District Court of San Juan act independently of each other, as the appellant admits in his brief. For the reasons stated the first ground of appeal cannot be sustained.

We have already said that motions to dismiss must be presented before the trial, and hence it is clear that they come too late when presented after the trial has begun and the evidence for any or both of the parties has been introduced. Moreover, a similar motion had already been decided and overruled by the court, and therefore the latter did not err in denying the same when reproduced. *People v. Romero et al., supra.* For the same reason, the requested testimony of the clerk of the court was not admissible; apart from the fact that the appellant had an opportunity to produce such witness after the prosecuting attorney testified, and failed to do so. This disposes of the second error assigned.

The next three assignments are as follows:

"3. The jury erred in weighing the evidence, and the latter is insufficient to support the verdict.

"4. The instructions of the court to the jury were so erroneous that they induced the jury to bring in a verdict of guilty.

"5. The verdict of the jury is void and so also is the judgment."

The above three assignments may be jointly considered, inasmuch as all of them rest on the theory that it has not been proved that the appellant assaulted Rosario Rodríguez with a revolver and wounded him deliberately with the intent to commit murder, since the evidence tended to show that the assault and the shot of the revolver were intended for César Rodríguez, and that the fact that Rosario was wounded occurred because the bullet swerved and injured him accidentally.

The appellant cites in support of his contention the decisions mentioned in some footnotes to the text in 30 C. J. 25, section 167(h), to show that where an accused attempts to murder a person but wounds another, he cannot be convicted of murder or of assault with intent to murder the person wounded; but the appellant disregards other decisions to the contrary which are cited in the same section of Corpus Juris, and according to which where a man deliberately shoots at one person but misses him and wounds another, he may be convicted of assault with intent to murder the person injured, or of assault with intent to kill him, when that is the offense charged; which decisions are based upon different theories, one of them being that there are statutes which do not in terms confine the intent to kill the person assaulted. It is provided in subdivision 8 of section 38 of the Penal Code that if the act committed was intended for another, the person committing the offense is answerable as though it was committed against the person intended. In accordance with such provision and inasmuch as the act of the appellant was intended for César Rodríguez, he may be held equally answerable for the serious wound inflicted upon Rosario Rodríguez as for the attempt against César Rodríguez. In *People* v. *Estrella,* 42 P.R.R. 331, we affirmed a judgment of conviction against Estrella for his having shot at one person and wounded by chance a third person; and we said that it is an old and constant doctrine of the law and jurisprudence, that every person intends the natural consequences of his acts; and that one who fires a revolver at a certain person and wounds another, is criminally liable, whether homicide or mere bodily injury be the result of the shot. In *Caballero* v. *People of Porto Rico,* 36 P.R.R. 60, Caballero was arrested on a charge of having murdered Saturnino Salgado. The former was cursing the mother of Santiago Carrasquillo and saying he would kill the first person he met, and in fact he discharged his shotgun at a person who turned out to be Salgado. In that case we said

that the fact that perhaps Caballero had no intention to kill Salgado but to kill Carrasquillo, did not affect the characterization of the crime, and that the general rule is that one who kills a human being, mistaking him for another whom he intends to kill, is guilty or innocent of the offense charged, the same as if the act committed had killed the person intended to be killed.

For the reasons stated, the errors numbered 3, 4, and 5 are nonexistent, and hence it is not necessary to decide the sixth assignment which is based on the claim that no judgment of conviction should have been rendered and that the prosecution should have been dismissed or a new trial granted.

The judgments appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.